IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| SHAMINA PLOTT,<br><br>         Plaintiff,<br><br>vs.<br><br>ADVANCED COMFORT<br>TECHNOLOGIES, INC., d/b/a<br>INTELLIBED, and COLIN M. HOUSE,<br><br>         Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 1:18-cv-00048-TC |

**BACKGROUND**

On May 7, 2018, Plaintiff Shamina Plott filed this action, Case No. 1:18-cv-00048-TC. She alleges that she was the target of sexual harassment by Defendant Colin House, the CEO of her employer, Defendant Advanced Comfort Technologies, Inc. (ACTI), and that ACTI discriminated and retaliated against her when she reported his behavior. As of July 10, 2018, when Ms. Plott filed the operative Amended Complaint, she was still employed by ACTI.

While this action was pending, Ms. Plott filed an additional Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), asserting that she had been subjected to "active and/or constructive wrongful termination on August 24, 2018." (Ex. J to Ex. 1 to Pl.'s Mot. Amend (ECF No. 34-1).) The EEOC issued a Notice of Right to Sue on July 19,

2019 (id. at Ex. I.), and on September 18, 2019, Ms. Plott moved to amend her complaint to add the allegation that she had been wrongfully terminated. (ECF No. 34.)

Ms. Plott's Notice of Right to Sue was set to expire on October 17, 2019. Because the court had not ruled on the motion for leave to amend by that date, Ms. Plott filed a new action, Case No. 1:19-cv-00119-DBP, on October 16, 2019. That action is substantively identical to this action, except that the complaint there includes the allegation about wrongful termination and omits certain allegations that had been dismissed from this action after Defendants filed a motion to dismiss. (ECF No. 28.) On November 19, 2019, Ms. Plott moved to consolidate the second action (Case No. 1:19-cv-00119-DBP) with this action (Case No. 1:18-cv-00048-TC).

Ms. Plott's motion for leave to amend and motion to consolidate are both now before the court. As a practical matter, both motions seek substantially the same goal: the addition of the wrongful termination allegation to this suit.

## ANALYSIS

A. Leave to Amend

Defendants oppose Ms. Plott's motion for leave to amend for two reasons.

First, Defendants argue that the proposed second amended complaint does not include sufficient factual allegations regarding the claim for "active and/or constructive wrongful termination." The court disagrees.

The operative amended complaint already includes, in some detail, allegations regarding Mr. House's sexual harassment of Ms. Plott. (See Am. Compl. ¶¶ 27-48, 60-68 (ECF No. 15).) Ms. Plott also identified several ways in which this harassment resulted in adverse employment actions, a necessary element of a Title VII claim. See Sanchez v. Denver Public Schools, 164

F.3d 527, 531 (10th Cir. 1998). For example, she alleges that she was "subjected to a hostile work environment; denied consideration for promotion; denied her voiced desire and applications for any corporate promotion; and further retaliated against with multiple threats of her being insubordinate for raising questions and expressing concerns; reductions in pay and other compensation; being held to different standards; being subjected to increased workloads; [and] being subjected to intimidation and threats against her job and employment." (Am. Compl. ¶ 53.)

Ms. Plott now seeks to add to this list that she was wrongfully terminated. Defendants argue this allegation is too conclusory because the "proposed [Second Amended Complaint] does not include any allegations of mistreatment from even the same year that she resigned." (Defs.' Opp'n to Mot. Amend at 9 (ECF No. 35).) But this is untrue. At the time the amended complaint was filed, in July 2018, Ms. Plott was alleging ongoing harm:

> ACTI has continued with additional adverse actions. Plott has been harassed further and denied further opportunities, promotional advancement, or even consideration. ACTI has threatened Plott further, and retaliated against her, including with further increased workload, adverse performance reviews, decreased pay and compensation, given negative performance scores, told falsely that she is unprofessional and has a bad attitude, and with further threats against her.

(Am. Compl. ¶ 68.)

Just one month after making this allegation, Ms. Plott filed her Charge of Discrimination with the EEOC and asserted that she had been wrongfully terminated. Notably, Defendants never contend that Ms. Plott's allegations of harassment or hostile work environment, if true, are insufficient to state a constructive discharge claim. Their only argument is that too much time passed between the alleged harassment and Ms. Plott's departure from her employment. But

3

because Ms. Plott alleged that her mistreatment was ongoing, there does not appear to have been a significant gap between the alleged hostile environment and the alleged termination. Accordingly, this is not a reason to deny leave to amend.

Second, Defendants argue that the proposed second amended complaint that accompanies the motion for leave to amend continues to include various state law claims and claims by Ms. Plott's husband, Jacob Plott, that were previously dismissed by the court. (ECF No. 28.) Defendants argue that leave to amend should by denied because Ms. Plott failed to omit these allegations from the proposed amended complaint.

Ms. Plott responds that it was never her intention to reassert these causes of action. Rather, because the actual proposed changes were so minimal, she believed the easiest course of action was to supplement the complaint by adding the wrongful termination language, while otherwise leaving the complaint entirely the same.

This dispute is mooted by the existence of the new action and the motion to consolidate, discussed below. While Ms. Plott's proposed second amended complaint in this action included the dismissed claims, the new lawsuit omits them, just as Defendants request. Accordingly, by granting the motion to consolidate and making the complaint in that action the operative pleading for both cases, Defendants' concern about the previously dismissed allegations will be resolved.

B. Motion to Consolidate

For the reasons discussed above, Ms. Plott's wrongful termination allegations are sufficient and should be added to this suit, and as just stated, the most straightforward way of achieving that goal is to grant the motion to consolidate. Defendants nevertheless request that the court deny the motion to consolidate. They contend that Ms. Plott never should have filed

the second action because it constitutes claim-splitting. Instead, she should have just waited for the court to resolve the motion for leave to amend.

The court generally agrees that going through the process of filing a second action and then seeking to consolidate the actions was unnecessary, since statutes of limitations—including, at least presumably, the expiration date for Ms. Plott's Notice of Right to Sue—would be tolled until the court ruled on the motion for leave to amend. See May v. Segovia, 929 F.3d 1223, 1232 (10th Cir. 2019). But as Defendants' own authority recognizes, how to handle a situation like this falls squarely within the court's discretion. See Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011). And for the reasons already discussed, the simplest way forward is to grant the motion to consolidate. While Defendants' assertion that Ms. Plott made matters more complicated by filing a second action is well-taken, it does not follow that the court should perpetuate the complications by denying the motion.

**ORDER**

For the foregoing reasons, Ms. Plott's Motion to Consolidate Cases (ECF No. 44) is GRANTED. The court orders that the complaint from the later-filed action, Case No. 1:19-cv-00119-DBP, become the operative complaint in this case. For the sake of a clear record, Ms. Plott is ordered to refile that complaint in the lower-numbered action, Case No. 1:18-cv-00048-TC, under the label "Second Amended Complaint." All future documents are also to be filed directly in the lower-numbered action.

In light of the above, Ms. Plott's Motion for Leave to Amend is DENIED as moot.

SO ORDERED this 30th day of December, 2019.

> BY THE COURT:
>
> *[signature: Tena Campbell]*
>
> TENA CAMPBELL
> U.S. District Court Judge