# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| SHAMINA PLOTT and JACOB PLOTT, Plaintiffs, v. ADVANCED COMFORT TECHNOLOGIES, INC. dba INTELLIBED; COLIN M. HOUSE; and DOES 1-50, inclusive, Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:18-cv-00048-TC-PMW<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants Advanced Comfort Technologies, Inc. dba Intellibed and Colin M. House's ("House") motion to quash and for a protective order.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion based upon the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* ECF no. 21.

[2] *See* ECF no. 41.

Plaintiff Shamina Plott ("Plott") filed this sex discrimination and retaliation lawsuit against her former employer and its Chief Executive Officer, House. During his deposition in this case, House testified that he used two dating websites during 2016 and 2017. He also testified that he met a female from Florida through one website and engaged in a short-term consensual relationship with her.

Plott now seeks to serve a subpoena on Match Group, Inc. ("Subpoena"), which is the parent company of the two dating websites referenced above. Through the Subpoena, Plott seeks all of House's private communications through the websites, along with profile data and billing information.

Before reaching the merits of the above-referenced motion, the court sets forth the following legal standards governing discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The following rules are relevant to the motion before the court. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 45(d)(3) provides the court with the authority to quash or modify a subpoena. *See* Fed. R. Civ. P. 45(d)(3). Rule 26(c)(1), which governs protective orders, provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

As an initial matter, House argues that he has standing to object to the Subpoena even though it is directed at a third party. Plott does not oppose that argument. The court concludes that House has sufficient interest in the information sought by the Subpoena to confer him with standing to challenge the Subpoena. *See, e.g.*, *Richards v. Convergys Corp.*, No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 WL 474012, at *1 (D. Utah Feb. 7, 2007).

House then argues that the Subpoena should be quashed, and a protective order should be issued because the information the Subpoena seeks is not relevant to the claims and defenses in this case and because the information is being sought to embarrass House. The court agrees with both arguments.

The court concludes that the information sought by the Subpoena is not relevant to the claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1). Plott has failed to persuade the court that any information concerning House's private conduct has any bearing on whether House engaged in unwelcome conduct towards Plott in the workplace. Given the lack of relevance of the information, the court concludes that disclosure of the information would serve

no other purpose than to embarrass House. *See* Fed. R. Civ. P. 26(c)(1)(A). For those reasons, Defendants' motion to quash and for a protective order is GRANTED.

IT IS SO ORDERED.

DATED this 23rd day of January, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge