# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| SHAMINA PLOTT,<br><br>**Plaintiff,**<br><br>v.<br><br>ADVANCED COMFORT TECHNOLOGIES, INC. dba INTELLIBED; COLIN M. HOUSE; and DOES 1-50, inclusive,<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:18-cv-00048-TC-PMW**<br><br>**District Judge Tena Campbell**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Tena Campbell referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Defendants Advanced Comfort Technologies, Inc. dba Intellibed and Colin M. House's ("Mr. House") (collectively, "Defendants") motion for a protective order;[2] (2) the parties' stipulated motion to amend scheduling order;[3] and (3) Defendants' motion to amend scheduling order,[4] motion to compel,[5] and motion to reopen Plaintiff Shamina Plott's ("Mrs. Plott") deposition.[6] The court has

---

[1] *See* ECF no. 21.

[2] *See* ECF no. 61.

[3] *See* ECF no. 77.

[4] *See* ECF no. 65.

[5] *See* ECF no. 67.

[6] *See* ECF no. 76.

carefully reviewed the written memoranda submitted by the parties on the above-referenced motions. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions based upon the written memoranda. *See* DUCivR 7-1(f).

## **ANALYSIS**

### I.  **Defendants' Motion for Protective Order**

Before reaching the merits of this motion, the court sets forth the following legal standards governing discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted). Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

In this motion, Defendants seek a protective order to prevent Mrs. Plott from deposing Mr. House's wife, Patti House ("Mrs. House"). The main subject of Mrs. House's anticipated testimony appears to be an interaction she had with Mrs. Plott's husband, Jacob Plott ("Mr. Plott"). Defendants argue that Mrs. House's anticipated testimony is not relevant and is privileged under the marital communications privilege. In response, Mrs. Plott argues that Mrs.

2

House's anticipated testimony is relevant, and that Defendant's assertion of privilege is premature because Mrs. House has not yet been deposed and, as such, it is unclear whether any questions that are asked might implicate that privilege.

In addition to those arguments, it is important to discuss certain e-mail correspondence between counsel for the parties, which is attached to Defendants' motion.[7] Based upon that e-mail correspondence it appears that Mrs. Plott's counsel indicated at some point that he would not need to depose Mrs. House, provided that Defendants would not raise any issues about the interaction between Mrs. House and Mr. Plott during the pendency of this case. Defendants' counsel indicated that he was not willing to make that concession.

In the court's view, by refusing to make that concession, Defendants' counsel has tacitly admitted that the interaction between Mrs. House and Mr. Plott is relevant to the claims and defenses in this case. Accordingly, the court concludes that Mrs. Plott is entitled to depose Mrs. House. As for Defendants' assertions of privilege, the court agrees with Mrs. Plott's argument that any assertions of privilege at this point are premature. Defendants may raise any privilege objections during Mrs. House's deposition on a question-by-question basis. For those reasons, Defendants' motion for a protective order is denied.

**II.    Stipulated Motion to Amend Scheduling Order**

For the reasons set forth in this motion, and based on the parties' stipulation, the motion is granted. The court will enter the parties' proposed scheduling order after entry of this order.

---

[7] *See* ECF no. 61, Exhibit 2.

### III. Defendants' Motion to Amend Scheduling Order, Motion to Compel, and Motion to Reopen Mrs. Plott's Deposition

In their stipulated motion to amend scheduling order, the parties have specifically indicated that Defendants' motion to compel and motion to reopen Mrs. Plott's deposition are moot.[8] Given that the court has granted the parties' stipulated motion to amend scheduling order, Defendants' previously filed motion to amend the scheduling order is also moot.

### CONCLUSION AND ORDER

In summary, IT IS HEREBY ORDERED:

1. Defendants' motion for a protective order[9] is DENIED.

2. The parties' stipulated motion to amend scheduling order[10] is GRANTED.

3. Defendants' motion to amend scheduling order,[11] motion to compel,[12] and motion to reopen Mrs. Plott's deposition[13] are MOOT.

DATED this 13th day of April, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[8] *See* ECF no. 77 at 3.

[9] *See* ECF no. 61.

[10] *See* ECF no. 77.

[11] *See* ECF no. 65.

[12] *See* ECF no. 67.

[13] *See* ECF no. 76.